# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **LINDA VILLARREAL and** § <br> **RAMON MOYA, Individually and as** § <br> **Surviving Parents of ANTHONY LEE** § <br> **VILLARREAL, Deceased,** § <br>     *Plaintiffs,* § <br> § <br> VS. § <br> § <br> **HIDALGO COUNTY; and** § <br> **HIDALGO COUNTY SHERIFF'S OFFICE,** § <br>     *Defendants.* § | C. A. NO. _____ <br><br> **(JURY DEMANDED)** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

Come Now, LINDA VILLARREAL and RAMON MOYA, Individually as Wrongful Death Beneficiaries and as Surviving Parents of ANTHONY LEE VILLARREAL, Deceased, Plaintiffs herein, complaining of HIDALGO COUNTY and HIDALGO COUNTY SHERIFF'S OFFICE, Defendants, and for cause of action would respectfully show as follows:

## I.
## JURISDICTION AND VENUE

A.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (a)(3)-(4), and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the 4th, 8th, and 14th Amendments of the U.S. Constitution, and by the Civil Rights Act of 1964, and 42 U.S.C. §1983 and §1985, ensuring due process, and providing for the equal protection and rights of all persons in every state and territory within the jurisdiction of the United States.

B.   This Court has personal jurisdiction over the parties because all of the parties reside or exist within the State of Texas.

C. Venue properly lies in the McAllen Division of the Southern District of Texas pursuant to the general venue statute 28 U.S.C. §1391(b).

## II.
## PARTIES AND SERVICE

A. Plaintiffs, LINDA VILLARREAL and RAMON MOYA, are individuals residing in Hidalgo County, Texas. Plaintiffs are the biological parents of ANTHONY LEE VILLARREAL, who died tragically at the age of twenty-five. Plaintiffs are wrongful death beneficiaries and presumptive heirs at law of ANTHONY LEE VILLARREAL.

B. Defendant, HIDALGO COUNTY, is a political subdivision of the State of Texas whose status and authority are derived from the Constitution of Texas and laws passed by the Texas Legislature. Defendant HIDALGO COUNTY may be served with process by serving summons on Hidalgo County Judge Richard F. Cortez, 100 E. Cano, Second Floor, Edinburg, Texas 78539, or wherever he may be found. Service on Defendant is hereby requested at this time.

C. Defendant, HIDALGO COUNTY SHERIFF'S OFFICE, is a governmental agency of the State of Texas whose status and authority are derived from the Texas Constitution and laws passed by the Texas Legislature. Defendant HIDALGO COUNTY SHERIFF'S OFFICE may be served with process by serving summons on Hidalgo County Sheriff J.E. GUERRA, 711 El Cibolo Road, Edinburg, Texas 78541. Service on Defendant is hereby requested at this time.

## III.
## FACTUAL BACKGROUND

A. On October 6, 2020, ANTHONY LEE VILLARREAL ("Decedent") was arrested and taken into custody by agents of HIDALGO COUNTY and the HIDALGO COUNTY SHERIFF'S OFFICE. As part of the routine screening process of detainees/inmates, agents

became aware that ANTHONY LEE VILLARREAL was a daily substance user with a long, well-documented history of alcohol and benzodiazepines use. Within hours after being taken into custody and placed in a cell by Defendants, Decedent began exhibiting symptoms of alcohol and drug withdrawal, such as headaches, tremors, agitation, sweating, shakiness, and restlessness.

B. By October 7th and 8th, 2020, Decedent's physical condition deteriorated, his heartbeat was irregular, he suffered several seizures and he was not able to hold down food or liquids. During October 9th and 10th Decedent's seizures became more frequent and more violent. Agents were aware of Decedent's deteriorating condition and did little or nothing to assist Decedent. On October 9th and/or 10th, 2020, agents physically picked Decedent up and forced him into a chair and tied him down in the chair, supposedly intending to reduce the risk that Decedent would suffer harm from striking objects whenever his body would jerk violently during a seizure. Stated more bluntly, agents intended to, and did, keep Decedent restrained and seated while in the Hidalgo County Detention Center while he experienced life-threatening seizures until the seizures stopped.

C. On October 10, 2020, ANTHONY LEE VILLARREAL continued to experience seizures while sitting in the chair into which he had been placed and forcibly strapped down by agents of HIDALGO COUNTY and the HIDALGO COUNTY SHERIFF'S OFFICE until he became unresponsive. When time passed and he remained unresponsive, agents called 911, summoned an ambulance and had ANTHONY LEE VILLARREAL transported to the hospital. At 2:21 a.m., ANTHONY LEE VILLARREAL was transported to Edinburg Regional Hospital by ambulance. At 3:20 a.m. hospital personnel called agents to report that ANTHONY LEE VILLARREAL arrived at the emergency room in cardiac arrest and was placed on life support in

the Intensive Care Unit of the hospital.  ANTHONY LEE VILLARREAL was pronounced dead at 7:40 a.m.

## IV.
## CAUSES OF ACTION

A.	This is a wrongful death and survival action brought by Plaintiffs LINDA VILLARREAL and RAMON MOYA, who are the biological parents of ANTHONY LEE VILLARREAL, Deceased, pursuant to 42 U.S.C. §1983.  Plaintiffs LINDA VILLARREAL and RAMON MOYA seek damages to redress the violations of the constitutionally-protected rights of their beloved son, ANTHONY LEE VILLARREAL, Deceased.  Specifically, Plaintiffs allege that Defendants violated ANTHONY LEE VILLARREAL's rights under the 4th, 8th and 14th Amendments of the U.S. Constitution to be secure in his person, to be free of excessive force, to be free of cruel and unusual punishment, and his right receive reasonable and timely necessary medical care, all of which are rights to which Decedent was entitled and which Defendants wrongfully deprived him.

B.	At all times pertinent to this civil action, Defendants HIDALGO COUNTY and HIDALGO COUNTY SHERIFF'S OFFICE acted by and through their agents, officers, deputies and employees, all of whom were acting under color of state law.

C.	Defendants knew, or reasonably should have known, of Decedent's significant history of alcohol abuse when Decedent was taken into custody or shortly thereafter

D.	Defendants knew, or reasonably should have known, of Decedent's significant history of benzodiazepine abuse when Decedent was taken into custody or shortly thereafter

E.	Defendants knew, or reasonably should have known, of the serious deterioration and aggravation of Decedent's physical and medical condition when Decedent continued having

convulsions, or episodes of multiple seizures which were more frequent, and/or more violent, followed by episodes where Decedent was unresponsive.

F.  Defendants knew, or reasonably should have known, that Decedent required emergency medical intervention and hospitalization many, many hours or days before October 10, 2020 when Defendants finally dialed 911 and called for an ambulance to transport Decedent to the hospital where Decedent arrived in cardiac arrest and died shortly afterward.

G.  Despite the many hours of training afforded by the taxpayers to all of the agents of Defendants, so that these agents may know how to discharge their legal obligations faithfully, legally and safely without endangering the lives of citizens who they are required to detain, and with whom they are required to interact on a daily basis, the confining officials who interacted with Decedent exhibited a callous and deliberate indifference to Decedent's very serious medical needs over the course of hours and days.

H.  Instead of transporting Decedent to the hospital immediately when they observed him having violent seizures, multiple jailers opted for waiting, watching, or strapping him down to a chair and providing him absolutely no medical care for many hours while his condition worsened.

I.  ANTHONY LEE VILLARREAL was not only deprived of his liberty, he was deprived of his life, without the benefit of any hearing in clear and direct violation of his constitutionally-protected right to due process.

J.  The aforementioned actions of Defendants were the proximate cause of severe injury and death of ANTHONY LEE VILLARREAL, and for which Plaintiffs sue.

## V.  DAMAGES

Plaintiffs request the following relief:

A. As wrongful death beneficiaries, Plaintiffs seeks actual damages, both general and special, for the loss of their child, ANTHONY LEE VILLARREAL, for the following specific elements of damages:

1. Pecuniary Loss resulting from the death of ANTHONY LEE VILLARREAL including, but not limited to, the care, maintenance, support, services, education, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance that the surviving family would have received from ANTHONY LEE VILLARREAL, had he lived.

2. Termination of the Family Relationship: The positive benefits flowing from the love, support, companionship, and society that this Plaintiffs would, in reasonable probability, have received from ANTHONY LEE VILLARREAL, had he lived.

3. Mental Anguish suffered by the surviving family as a result of the death of ANTHONY LEE VILLARREAL including, but not limited to, the emotional pain, torment, and suffering that Plaintiffs, would, in reasonable probability, experience from the death of ANTHONY LEE VILLARREAL.

B. As survivors and representatives of the ESTATE OF ANTHONY LEE VILLARREAL, Plaintiffs seeks actual damages, both general and special, which ANTHONY LEE VILLARREAL would have been entitled to receive, had he survived the incident forming the basis of this suit, for the following specific elements of damages:

1. Physical pain sustained by ANTHONY LEE VILLARREAL from the time of the incident until his death;

2. Mental anguish sustained by ANTHONY LEE VILLARREAL from the time of the incident until his death;

3. Reasonable and necessary medical expenses incurred by ANTHONY LEE VILLARREAL from the time of the incident until the time of his death;

4. Reasonable and necessary funeral and burial expenses;

5. Plaintiffs seeks to recover all costs, expenses, expert fees including reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas/U.S. Supreme Court, as the Court deems equitable and just.

6. Pre and post judgment interest as permitted by law; and,

7. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

## VI.  JURY REQUEST

Plaintiffs respectfully demand a trial by jury.

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs LINDA VILLARREAL and RAMON MOYA, Individually as Wrongful Death Beneficiaries and as Surviving Parents of ANTHONY LEE VILLARREAL, Deceased, respectfully pray that Defendants be summoned to appear and answer herein, and that upon a final hearing of this cause, that judgment be entered for the Plaintiffs and against Defendants, both jointly and severally, for all damages requested herein, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**

 */s/ Joseph R. Corteguera*
**JOSEPH R. CORTEGUERA**
SBN: 00787291
Fed ID No. 28249
4909 Bissonnet St., Suite 100
Bellaire, Texas  77401
713/661-9900
713/666-5922 Facsimile
**\***E-Service: eserviceJRC@navalawgroup.com
*Attorneys for Plaintiffs*