IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| LINDA VILLARREAL and RAMON MOYA, Individually and as Surviving Parents of ANTHONY LEE VILLARREAL, DECEASED, *Plaintiffs* | § § § § § § | |
| V. | § § | CIVIL ACTION NO. 7:22-cv-00003 |
| HIDALGO COUNTY and HIDALGO COUNTY SHERIFF'S OFFICE, *Defendants* | § § § § § | |

# HIDALGO COUNTY AND HIDALGO COUNTY SHERIFF'S OFFICE RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Now come Defendants HIDALGO COUNTY and HIDALGO COUNTY SHERIFF'S OFFICE, and file their Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and Alternative Motion for Partial Summary Judgment, and in support of same, would show the Court as follows:

## 1.0 BACKGROUND

1.1 Plaintiffs filed a wrongful death and survival lawsuit on January 3, 2022, against Defendants HIDALGO COUNTY AND HIDALGO COUNTY SHERIFF'S OFFICE for violations of the Fourth, Eighth and Fourteenth Amendment rights, under 42 U.S.C. § 1983 and § 1985 (Doc. #1) of their deceased son, Anthony Lee Villarreal.

1.2 Plaintiffs allege that on October 6, 2020, their son, Anthony Lee Villarreal

("Villarreal") was taken into custody by unidentified agents of Hidalgo County and Hidalgo County Sheriff's Office. Plaintiffs allege that while in the custody of Hidalgo County and Hidalgo County Sheriff's Office agents of such entities became aware through a screening process that Villarreal was a daily substance user with a long history of use of alcohol and benzodiazepines (Doc. #1, III.A.). Plaintiffs further allege that Defendants knew, *or reasonably should have known*, of Villarreal's significant history of alcohol abuse and benzodiazepine abuse when Villarreal was taken into custody or shortly thereafter. (Doc. #1, IV.C. and D.). Plaintiffs also allege that within hours after being placed in a cell, Villarreal began exhibiting symptoms of alcohol and drug withdrawal (Doc. #1, III.A.). Plaintiffs allege that by October 7th and 8th, 2020, Villarreal had an irregular heartbeat and had suffered several seizures. Plaintiffs additionally allege that unidentified agents did little or nothing to assist Villarreal and on October 9th and/or 10th restrained him in a chair for the duration of the seizures, intending to reduce the risk that Villarreal would harm himself. (Doc. #1, III.B.). Plaintiffs allege that eventually Villarreal became unresponsive and after an ambulance was called by agents, he was transported to Edinburg Regional Hospital, where he arrived at the emergency room in cardiac arrest. He was placed on life support in the Intensive Care Unit where he died four hours later. (Doc. #1, III.C.).

  1.3 Plaintiffs allege that Defendants Hidalgo County and Hidalgo County Sheriff's Office violated Villarreal's rights under the 4th, 8$^{th,}$ and 14th Amendments to the United States Constitution to be secure in his person, to be free from excessive force, to be free from cruel and unusual punishment, to receive reasonable and timely medical care (Doc. #1, IV.A.). Plaintiffs further allege that Villarreal was deprived of his right to life and liberty without due process of law. (Doc. #1, IV.J.).

## 2.0 SUMMARY OF MOTION

2.1     Hidalgo County Sheriff's Office is not a legal entity and Plaintiffs' claims asserted against it should be dismissed.

2.2     Plaintiffs' § 1983 claims against Hidalgo County should be dismissed, because Plaintiffs fail to articulate the necessary elements of such claims.

2.3     Plaintiffs fail to allege a conspiracy under 42 U.S.C. § 1985. Furthermore, a municipality cannot conspire with its own agents and employees. Thus, Plaintiffs' claims brought under 42 U.S.C. § 1985 should be dismissed.

2.4     Alternatively, Plaintiffs' survival claims should be dismissed, because Plaintiffs' Original Complaint fails to demonstrate their capacity to bring such claims.

2.5     Alternatively, Defendants seek summary judgment on Plaintiffs' survival claims due to lack of capacity.

## 3.0 ARGUMENT & AUTHORITIES

3.1     **Hidalgo County Sheriff's Department is not a Legal Entity and Plaintiffs' Claims Against it should be Dismissed.** Plaintiffs have included Hidalgo County Sheriff's Office as a Defendant herein. Such claims against Hidalgo County Sheriff's Office should be dismissed because Hidalgo County Sheriff's Office is not a legal entity and is not capable of being sued. See *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996).

3.2     **Legal Standard Under 42 U.S.C. § 1983**. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and must show the alleged deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). See also *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

3.3   In order to meet their pleading burden, Rule 12(b)(6) requires plaintiffs to submit pleadings that allege sufficient facts to establish the elements necessary to state a claim upon which relief can be granted. The Court must accept the allegations as true and must review them in the light most favorable to plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

3.4   The Supreme Court further elaborated, in *Bell Atlantic Corp. v. Twombly*, that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544. 555 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Moreover, the "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  A complaint must contain sufficient facts to state a claim for relief that is "plausible on its face," not merely facts which are conceivable. *Id*., at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id*.

  3.5  **Plaintiffs Fail to Articulate Any Claim Brought under 48 U.S.C. § 1983 and Such Claims Should be Dismissed.** In order to find a County liable under 42 U.S.C. § 1983, a plaintiff must allege and prove that the County had some inadequate custom or policy that acted as the moving force behind a constitutional violation. *Forgan v. Howard County*, 484 F.3d 518, 522 (5th Cir. 2009), citing *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690-91 (1978). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell, supra.*) Furthermore, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation … cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). "The complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-21 (5th Cir. 2006). In their Original Complaint, Plaintiffs fail to articulate an official policy of a policymaker. Thus, the facts pleaded by Plaintiffs do no more than raise a question about whether Plaintiffs might have a right of action. The Fifth Circuit Court of Appeals held this to be insufficient to obtain § 1983 relief. "A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Id.* Likewise, Plaintiffs' allegations fail to create a reasonable inference that Villarreal suffered violations of his constitutional rights that resulted from a specific policy or custom of Hidalgo County.

3.6 **Plaintiffs' Claims brought under 42 U.S.C. § 1985 and Such Claims Should be Dismissed.** In their Original Complaint Plaintiffs fail to articulate any facts to support a claim for conspiracy to deprive Villarreal of his civil rights. Furthermore, Plaintiffs simply cannot bring a claim for conspiracy against Hidalgo County. A single legal entity, such as Hidalgo County is incapable of conspiring with itself for the purposes of § 1985. *George v. Harris County*, No. H-10-3235, 2012 U.S. Dist. LEXIS 94318, at *52-53 (S.D. Tex. 2012), citing *Hill v. City of Houston*, 991 F. Supp. 847, 851 (S.D. Tex. 1998) (citing *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, (S.D. Tex. 1996), *aff'd*, 122 F.3d 1066 (5th Cir. 1997); and *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)); *accord Britt v. Jackson Cnty., Miss.*, No. 1:11-cv-00074-HSO-JMR, 2012 U.S. Dist. LEXIS 88848, 2012 WL 2460534, at *8 (S.D. Miss. June 27, 2012); *Washburn v. Texas*, No. A-07-CA-116 LY, 2008 U.S. Dist. LEXIS 59494, 2008 WL 3243880, at *4 (W.D. Tex. Aug. 6, 2008); *Rollerson v. Gonzalez*, Civ. A. No. G-06-CV-246, 2007 U.S. Dist. LEXIS 42780, 2007 WL 1729643, at *4 (S.D. Tex. June 13, 2007). "[A] governmental body cannot conspire with itself and the individual members of the body[.]" *Suttles v. U.S. Postal Serv.*, 927 F. Supp. 990, 1002 (S.D. Tex. 1996)).

3.7 For the above reasons, Plaintiffs' claims brought under 42 U.S.C. § 1985 should be dismissed.

3.8 **Plaintiffs' Survival Claims Should be Dismissed for Lack of Capacity.** The Original Complaint does not demonstrate that Plaintiffs have the capacity to bring the survival action they allege.

4.0 "[S]tanding and capacity are required to bring a survival claim." *Mena v. United States*, No. 3:10-CV-00282, 2012 WL 6047039, at *5 n.2 (W.D. Tex. Dec. 5, 2012). Federal

Rule of Civil Procedure 17(b)(3) provides that the capacity to sue or be sued is determined by the law of the state where the court is located; therefore, if a plaintiff lacks capacity to sue on behalf of an estate for state-law claims, he/she also lacks capacity to sue on behalf of the estate for § 1983 claims. *See Estate of Gutierrez v. Trevino*, No. 5:10-CV-00735, 2011 WL 13234716, at *10 n.6 (W.D. Tex. Jan. 13, 2011).

3.9     Texas Civil Practice and Remedies Code § 71.021(b), which governs survival claims, states that "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE § 71.021(b). "Heirs at law may maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none is necessary." *White v. Livingston*, No. 4:08-CV-02413, 2009 WL 2900771, at *4 (S.D. Tex. Sept. 3, 2009) (brackets and internal quotation marks omitted). The Complaint does not allege that no administration is pending, and none is necessary; thus, neither Linda Villarreal nor Ramon Moya have established her/his capacity to bring the survival claim as an "heir" of Decedent Anthony Lee Villarreal. Accordingly, the Court should find that the Complaint does not articulate sufficient facts through which one may conclude that either Linda Villarreal or Ramon Moya has the capacity to bring the survival claim. The survival claim should be dismissed.

## 4.0 ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

4.1     **Alternatively, Plaintiffs' Survival Action should be Dismissed as a Matter of Law.** If the Court finds that the Complaint articulates sufficient facts to demonstrate the capacity of either of the Plaintiffs to bring the survival claim, Defendants ask the Court to convert this portion of his Rule 12(b)(6) motion to a motion for summary judgment so that the

Court may consider the attached evidence. That evidence establishes as a matter of law that, at least as of the date of this document's filing, no estate has been opened for Anthony Lee Villarreal, Deceased, and therefore no executor or administrator of Villarreal's estate has been appointed. See **Exhibit 1**, Declaration of Preston Henrichson. Accordingly, upon providing Plaintiffs with notice and a fair opportunity to respond, the Court should grant Defendant's summary judgment on Plaintiffs' survival claims.

### 5.0 CONCLUSION

6.1     For all the reasons set out above, Defendants respectfully request that this Court dismiss all the following claims:

- Plaintiffs' claims brought against Hidalgo County Sheriff's Office;
- Plaintiffs' § 1983 claims brought against Hidalgo County;
- Plaintiffs' § 1985 claims;
- Plaintiffs' survival claims.

6.2     Alternatively, Defendants respectfully request that this Court grant Defendants' summary judgment on Plaintiffs' survival claims, after providing Plaintiffs with notice and a fair opportunity to respond.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant the relief requested and for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Preston Henrichson*

---

**PRESTON EDWARD HENRICHSON**
Texas Bar No. 09477000
Federal I.D. # 1922
**HENRICHSON LAW PLLC**
**222 West Cano**
**Edinburg, TX 78539**
**Telephone:     (956) 383-3535**
**Facsimile:     (956) 383-3585**
preston@henrichsonlaw.com **&**
sian@henrichsonlaw.com
**ATTORNEY IN CHARGE FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of January, 2022, a true and correct copy of the above and foregoing was forwarded via Certified Mail, Return Receipt Requested, via first class mail, or via e-mail to all counsel of record.

*/s/ Preston Henrichson*

---

For the Firm

Joseph R. Corteguera
NAVA LAW GROUP, P.C.
4909 Bissonnet St., Suite 100
Bellaire, TX 77401
VIA E-SERVICE