Case 7:22-cv-00003   Document 14   Filed on 03/18/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LINDA VILLARREAL, Individually and as Surviving Parent of A.L.V., Deceased, and RAMON MOYA Individually and as Surviving Parent of A.L.V., Deceased<br><br>Plaintiffs,<br><br>VS.<br><br>HIDALGO COUNTY and HIDALGO COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 7:22-cv-00003<br>§<br>§<br>§<br>§<br>§<br>§ |

## OPINION AND ORDER

The Court now considers "Hidalgo County and Hidalgo County Sheriff's Office First AmendedRule [sic] 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted."[1] Although Defendants initially filed a motion to dismiss and for partial summary judgment,[2] Plaintiffs filed their first amended complaint[3] pursuant to Federal Rule of Civil Procedure 15(a)(1) twelve days after Defendant's motion to dismiss, which superseded Plaintiffs' original complaint. Because the original complaint is superseded, the Court **DENIES AS MOOT** Defendant's first motion to dismiss[4] and does not consider Plaintiffs' response to that motion[5] filed after Plaintiffs' amended complaint but before Defendants' amended motion. Plaintiffs have not filed a response to Defendants' amended motion and the time for doing so has passed, rendering the motion unopposed by operation of this Court's Local Rule.[6] After considering the motion,

---

[1] Dkt. No. 10.
[2] Dkt. No. 6.
[3] Dkt. No. 8.
[4] Dkt. No. 6.
[5] Dkt. No. 9.
[6] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

record, and relevant authorities the Court **GRANTS** Defendants' motion in part and **DENIES** in part.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a wrongful death and survival action case. Plaintiffs initiated this case on January 3, 2022.[7] Plaintiffs, who are the biological parents of Anthony Lee Villarreal ("Decedent" or "Villarreal"), bring this claim pursuant to 42 U.S.C. §1983. In their first amended complaint, Plaintiffs alleged that Defendants violated Anthony Lee Villarreal's rights under the U.S. Constitution "to be secure in his person, to be free of excessive force, to be free of cruel and unusual punishment, and his right to receive reasonable and timely necessary medical care, all of which are rights to which Decedent was entitled and which Defendants wrongfully deprived him."[8] Defendant moved for dismissal and the motion is ripe for consideration. The Court turns to its analysis.

### II. DISCUSSION

#### a. Legal Standard

The Court uses federal pleading standards to determine the sufficiency of a complaint.[9] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges a plaintiff's right to relief based upon those facts."[10] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] The Court reads the

---

[7] Dkt. No. 1.
[8] Dkt. No. 8 at 7.
[9] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[10] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

complaint as a whole[12] and accepts all well-pleaded facts as true (even if doubtful or suspect[13]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[14]), but will not strain to find inferences favorable to the plaintiff,[15] but also will not indulge competing reasonable inferences that favor the Defendant.[16] A plaintiff need not plead evidence[17] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[18] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[19]

In evaluating a motion to dismiss, courts first disregard any conclusory allegations or legal conclusions[20] as not entitled to the assumption of truth,[21] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[22] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[12] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[13] *Twombly*, 550 U.S. at 555–56.
[14] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).
[15] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[16] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[17] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[18] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[19] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[20] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[21] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[22] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

defendant is liable for the misconduct alleged."[23] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[24] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[25] because discovery is not a license to fish for a colorable claim.[26] The complaint must plead every material point necessary to sustain recovery; dismissal is proper if the complaint lacks a requisite allegation.[27] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[28]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[29] Attachments to the complaint become part of the pleadings for all purposes,[30] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[31] except in the case of affidavits.[32] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[33] but not if the material is a matter of public record[34] and not if a defendant attaches documents

---

[23] *Iqbal*, 556 U.S. at 678.
[24] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).
[25] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).
[26] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").
[27] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[28] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).
[29] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[30] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[31] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014).
[32] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[33] FED. R. CIV. P. 12(d).
[34] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[35]

### b. Analysis

#### 1. Plaintiffs' Claims against Defendant Hidalgo County Sheriff's Department

Defendants assert that "Hidalgo County Sheriff's Department is not a legal entity and is not capable of being sued."[36] Under Federal Rule of Civil Procedure 17(b), the capacity to be sued is determined by the law of the state where the court is located. In this case, Texas code establishes each county within the boundaries of Texas as "a corporate and political body."[37] Additionally, Texas code outlines the county's authority to organize a sheriff's department.[38] The Fifth Circuit has "held that a political subdivision cannot pursue a suit on its own unless it is a separate and distinct corporate entity."[39] Thus, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."[40]

There is no evidence that Hidalgo County has granted the authority to sue and be sued to the Hidalgo County Sheriff's Department. Further, Plaintiffs have not alleged that the Hidalgo County Sheriff's Department is a separate and distinct corporate entity in their amended complaint. Thus, the Court finds that Defendants' motion as to Plaintiffs' claims against Defendant Hidalgo County Sheriff's Department should be and is hereby **GRANTED** and Hidalgo County Sheriff's Department is hereby **DISMISSED** from this action. The Clerk of Court is instructed to terminate Defendant Hidalgo County Sheriff's Department from this action.

#### 2. Plaintiffs' Claim against Defendant Hidalgo County under 42 U.S.C. § 1983

---

[35] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[36] Dkt. No. 10 at 5.
[37] Tex. Loc. Gov't Code Ann. § 71.001.
[38] Tex. Loc. Gov't Code Ann. § 82.001.
[39] *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citations omitted).
[40] *Id* (citations omitted).

Defendants argue that "[i]n order to find a County liable under 42 U.S.C. § 1983, a plaintiff must allege and prove that the County had some inadequate custom or policy that acted as the moving force behind a constitutional violation."[41] They further assert that "Plaintiffs neither identify an official policymaker, nor do they articulate an official policy of a policymaker, or how it was violated, or how such violation deprived Villarreal of his constitutional rights which 'moving force' was the policy or custom in question."[42] Thus, Defendants argue that "Plaintiffs use unsubstantiated conclusions to imply the existence of a *de facto* policy or custom. Such conclusions are apparently based only on the one single incident made the basis of this lawsuit."[43]

Plaintiffs amended complaint alleges the following: On October 6, 2020, Decedent was taken into custody and agents became aware as a part of the routine screening process that Decedent was a daily substance user with a long, well-documented history of alcohol and benzodiazepine use.[44] Within hours, Decedent began exhibiting symptoms of withdrawal.[45] On October 7, 2020, Decedent was taken to the emergency department due to seizure-like activity where a drug screen showed a positive finding of benzodiazepines and marijuana.[46] Decedent was released from the emergency department back into custody reportedly in stable condition with the recommendation to consult a neurologist.[47] Over the course of October 9th and October 10th, Decedent's seizures became more severe.[48] According to Plaintiffs amended complaint,

> Agents were aware of Decedent's deteriorating condition and did little or nothing to assist Decedent. On October 9th and/or 10th, 2020, agents physically picked Decedent up and forced him into a restraint chair and tied him down in the chair, binding his wrists and ankles. Defendants' employees intended to, and did, keep Decedent restrained and seated while in the Hidalgo County Detention Center while he experienced life-threatening seizures, instead of transporting Decedent to a

---

[41] Dkt. No. 10 at 6.
[42] *Id.*
[43] *Id.*
[44] Dkt. No. 8 at 4.
[45] *Id.*
[46] *Id.* at 5.
[47] *Id.*
[48] *Id.*

hospital for neurological consult and other needed medical treatment for benzodiazepine and alcohol withdrawal.[49]

Plaintiffs allege that Decedent continued to experience seizures while in the restraint chair until he became unresponsive.[50] At a later time, agents called 911 and Decedent was transported to the hospital by ambulance where he arrived in cardiac arrest and was placed on life support.[51] He was pronounced dead hours later.[52]

Plaintiffs argue that Decedent "was in need of a neurologic consult and other necessary medical treatment for the alcohol and benzodiazepine withdrawals he was suffering while in Defendants' custody."[53] Thus, Plaintiffs argue that "Defendants' actions demonstrate a custom, pattern and/or practice of ignoring the recommendations of trained medical personnel, such as those who evaluated Decedent and informed Defendants that Decedent needed a neurological consult."[54]

At the motion to dismiss phase, the Court acknowledges that providing proof of a pattern of constitutional violations as required to establish liability under § 1983 is exceedingly difficult for plaintiffs, who have no source of pre-discovery evidence that they may produce to support such a claim.[55] This Court has determined that plaintiffs need not allege "specific details regarding the existence or absence of internal policies or training procedures prior to discovery" and may generally allege minimal facts such as prior violations by the police agency, "past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy" to survive a motion to dismiss.[56]

---

[49] *Id.*
[50] *Id.*
[51] *Id.* at 6.
[52] *Id.*
[53] *Id.*
[54] *Id.*
[55] *Thomas v. City of Galveston, Texas*, 800 F.Supp. 2d 826, 842 (S.D. Tex. 2011) (Ellison, J.).
[56] *Id.* at 842–44.

Here, Plaintiffs' amended complaint alleges that *agents* ignored the recommendations of the medical professional and restrained Decedent to a chair over the course of two days while his seizures became increasingly more severe.[57] "Instead of obtaining medical treatment for him in a timely manner, Plaintiffs allege employees of Defendants physically tied [Decedent] to a chair and continued to observe him in his deteriorated physical condition for hours until he became unresponsive, by which time it was too late for medical intervention to save his life."[58] Because the Court is able to make a reasonable inference that these allegations occurred in the open or involved multiple officials, or both, the Court finds that the assertions are sufficient to survive the motion to dismiss phase and to proceed to discovery. Accordingly, Defendants' motion as to Plaintiffs' claim against Defendant Hidalgo County under 42 U.S.C. § 1983 is hereby **DENIED**.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendants' motion as to Plaintiffs' claims against Hidalgo County Sheriff's Department and **DISMISSES** Hidalgo County Sheriff's Department from this action. Additionally, the Court **DENIES** Defendants' motion as to Plaintiffs' claims against Hidalgo County under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of March 2022.

_____
Micaela Alvarez
United States District Judge

---

[57] Dkt. No. 8 at 5.
[58] *Id.* at 8.